IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **PHILLIP RAY ROBISON, JR.,** Defendant. | Case No: 16-03031-01-CR-S-MDH |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on October 18, 2017. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Phillip Ray Robison, Jr. (Robison), to a term of incarceration of 33 months' imprisonment.

### I. BACKGROUND

On May 25, 2017, Robison pleaded guilty before this Court to Count One of the two-count Indictment, that is, maliciously conveying false information related to explosive materials, in violation of 18 U.S.C. § 844(e). On August 15, 2017, the final Presentence Investigation Report (PSR) was filed. The sentencing hearing is scheduled for October 18, 2017.

### II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct.

2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

### III. DISCUSSION

#### A. Statutory and Guidelines Calculations

The final PSR, filed on August 15, 2017, finds a maximum term of imprisonment for Count One of 10 years; a Guidelines imprisonment range of 30 months to 37 months. (PSR 10, ¶¶ 56-57.) Additional, Robison is eligible for probation pursuant to the statute, but ineligible for probation pursuant to the Guidelines; a statutory supervised release term of not more than three years; and a Guidelines supervised release term of one year to three years. (PSR 11, ¶¶ 59-62.) The Government concurs with these calculations.

#### B. Statutory Sentencing Factors

In the vast majority of cases, the properly calculated Sentencing Guidelines range corresponds to a sentence that fully satisfies the 18 U.S.C. § 3553(a) factors.[1] This is because a

---

[1] The § 3553(a) factors include:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed-
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;

2

within-Guidelines sentence reflects the accumulated wisdom and expertise of the United States Sentencing Commission. *See Kimbrough*, 128 S. Ct. at 574. Consequently, only in rare cases will full consideration of the § 3553(a) factors call for a sentence outside the Guidelines range, either above or below. This is not one of those rare cases, and the Government respectfully submits that full consideration of these factors warrants a within-Guidelines sentence of 33 months' imprisonment.

1. **Nature and Circumstances of the Offense**

On January 11, 2016, a court clerk for the Cedar County Courthouse in Stockton, Missouri, in the Western District of Missouri, received a telephone call. An individual, who would later be identified as Robison, stated, "You better tell Judge Bickel to clear the courthouse cuz a bomb is going off at 2:30." Because of the bomb threat, law enforcement immediately cleared everyone from the courthouse and conducted a search for the presence of an explosive or bomb. After searching the entire courthouse, law enforcement failed to locate an explosive device. As a result, law enforcement announced that the courthouse was clear of an explosive device, the building was reopened to the public, and the court docket was resumed.

After restarting the court's business, a second call was received by the court clerk's office from Robison. Robison told the court clerk the following, "you screwed up," and indicated that law enforcement had missed the bomb during their original search. For the second time in one day, the courthouse was closed and another search was conducted. Law enforcement failed to find

---

(4) the kinds of sentence and the sentencing range established for-
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
(5) any pertinent policy statement ...;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct....

3

an explosive device during this second search but due to the late hour, the remainder of the court docket was cancelled and rescheduled for a later date.

As a result of the two bomb threats, the Cedar County, Missouri, Sheriff's Office (CCSO) initiated an investigation, which revealed that on the day of the bomb threat, a court bailiff observed Robison at the courthouse. The bailiff observed that Robison was nervous. The bailiff also remembered that on December 14, 2015, Robison was scheduled to be in court, but his hearing was postponed because he had a medical emergency and was transported to the hospital by ambulance. On that day, Robison's vital signs were normal, but he advised medical personnel that he wanted to be transported to the hospital. Upon reviewing the court docket, investigators learned that Robison had been scheduled to appear in Judge Bickel's court for a probation violation hearing on the same day as the bomb threat. Investigators learned that Robison had expressed concern that Judge Bickel was going to send him to the Missouri Department of Corrections for a 120 day sentence.

On January 25, 2016, another bomb threat was called into the Cedar County Courthouse. The courthouse was cleared of all personnel, and searched by law enforcement officers. Again, no explosive device was located. When the court reopened to the public, Robison was observed in line at the courthouse. CCSO deputies who were aware of the circumstances of the first bomb threat recognized Robison being present on January 11, 2016, when the two prior bomb threats had been called into the court clerk. CCSO deputies asked Robison to step out of line to speak with them. Robison agreed to be interviewed. Robison subsequently signed a waiver of his Miranda rights. Robison initially denied any involvement in the bomb threats, but after further questioning, Robison admitted that he had made the bomb threats on January 11, 2016, and January 25, 2016. Robison explained that he called in the bomb threats because he did not want to go back

4

to jail.  Robison made a hand written statement in which he confessed to making the bomb threats. Robison advised that there were never any bombs.

In this case, Robison called in two bomb threats on January 11, 2016, and one bomb threat on January 25, 2016, for the sole purpose of causing the evacuation of the Cedar County, Missouri, courthouse and the cancellation of his court hearings.  Robison committed these felonies in order to thwart the efforts of Missouri's criminal justice system and delay a hearing that he feared would result in his incarceration for an additional 120 days.  Given the repeated criminal acts perpetrated by Robison that resulted in the closure of a courthouse on two separate occasions, a sentence of 33 months would adequately reflect the serious nature of this offense and the need for adequate punishment.

**2.   History and Characteristics of the Defendant**

Robison's criminal history is lengthy, dating back to 2001, when he was convicted of residential burglary at just 19 years old.  (PSR 5, ¶ 26.)  Since that offense, Robison has been convicted on six other occasions, for offenses that include contributing to the delinquency of a minor, manufacturing a controlled substance, making a false report to police, and the sale of marijuana.  (PSR 5-7, ¶¶ 27-32.)  For those convictions, Robison was sentenced once to a term of incarceration in the Missouri Department of Corrections.  (PSR 5, ¶ 26.)  In all of his other convictions, Robison was treated leniently by the criminal justice system and only served a part of his sentence after his probations were revoked for additional violations.  (PSR 5-7, ¶¶ 27-32.)  It is important to note that Robison had been sentenced to ten years imprisonment for his 2013 conviction for dealing marijuana, but that sentence was suspended for five years by the Court. (PSR 6, ¶ 31.) This was the conviction, through his probation violations, that caused him to appear before the Cedar County, Missouri, criminal court and led to him sending repeated bomb threats

to the court.  It is especially ironic that Robison has received considerable leniency from the court after being convicted of being a drug dealer on two prior occasions, yet he chose to commit additional felony offenses against the court in an effort to evade the consequences of his probation violations.

Robison's history and actions reflect a person with a proclivity to place the community at large in danger, either by dealing drugs, burglarizing homes, or making bomb threats.  The Court should fashion a sentence that not only punishes, but, based upon Robison's history and characteristics, reflects his willingness to place the community in danger and involve himself with further criminal conduct.  A sentence of 33 months will provide such serious punishment.

### 3. Need to Promote Respect for the Law

Based on Robison's history and actions, the Government would contend that a 33-month sentence is necessary to promote his respect for the law.  Robison's distribution of controlled substances, and his continued involvement in various criminal activities since the age of 19, indicates that he does not respect the law, and a sentence of 33 months is necessary to ensure that he develop such a respect.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

To the extent that rational actors are watching what the Court does here, a 33-month sentence followed by supervised release will provide a meaningful deterrent to the nature of the criminal conduct in which Robison engaged.  With respect to Robison, a 33-month sentence will deter him during his period of imprisonment, and hopefully impress upon him the necessity of lawful conduct in the future.  Ultimately, a 33-month sentence will impress upon Robison that committing additional felonies in an effort to avoid additional incarceration will only result in longer periods of imprisonment.

### 5. Need to Protect the Public from Further Crimes of the Defendant

Robison's criminal history began when he was 19 years old with his burglary of a residence. (PSR 5, ¶ 26.) His subsequent distribution of controlled substances, contributing to the delinquency of a minor, and the recent bomb threats illustrate Robison's danger to the community. Based upon his actions, there is no indication that Robison will choose another path when released. Because of that, a sentence of 33 months is appropriate for Robison.

### IV. CONCLUSION

The Government respectfully requests that the nature and circumstances of the offense, Robison's history and characteristics, the need to promote respect for the law, the need to afford adequate deterrence, the need to protect the public from Robison, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests that this Court impose a sentence of 33 months' imprisonment. Such a sentence is supported by the facts and circumstances of this case.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney


*/s/ Patrick Carney*
PATRICK CARNEY
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

**CERTIFICATE OF SERVICE**

   I hereby certify that on this the 29th day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                   */s/ Patrick Carney*
                   PATRICK CARNEY

Case 6:16-cr-03031-MDH   Document 39   Filed 09/29/17   Page 8 of 8